IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

| | |
|---|---|
| Daniel Jenkins, | ) |
| Plaintiff, | ) |
| v. | ) Case No. |
| | ) JURY DEMAND |
| Vamar, Inc., | ) |
| And | ) |
| Mecene Estainvil, | ) |
| And | ) |
| A Junk Buster, LLC | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, **DANIEL JENKINS**, (hereafter referred to as "Plaintiff"), by and through his undersigned counsel, **KELLI HAAS,** hereby submits the following Complaint and Demand for Jury Trial against Defendant **MECENE ESTAINVIL** (hereinafter referred to as "Defendant Driver Estainvil"), Defendant **AJUNKBUSTER, LLC** (hereinafter referred to as "Defendant AJunkbuster/Owner); and Defendant **VAMAR, INC.** (hereinafter referred to as "Defendant Vamar/Leasor/Carrier) and alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

Plaintiff was permanently injured when the tractor trailer he was driving was struck by another tractor tractor trailer on I-40 in Jefferson County, Tennessee causing the tractor trailer that Plaintiff was driving to flip several times leaving him hanging upside down

crushed and covered in glass.

## JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction as prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because all or a substantial part of the events or omissions giving rise to this claim occurred in this district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the State of Tennessee and intentionally avails itself of the markets within Tennessee through the promotion, sale, marketing, and distribution of its products.

## PARTIES

1. Plaintiff, Daniel Jenkins, is a resident of Rutherford County, Tennessee, who may be served through his attorney of record listed herein.

2. Defendant, Mecene Estainvil, (hereinafter "Defendant Driver Estainvil") was driving a 2019 Freightliner Cascadia whose vehicle identification number was 3AKJHHDR2KSKC2246 and Florida license plate was JD81IZ at the time of the accident.

3. Defendant Driver Estainvil is believed to be a resident of Palm Beach County, Tennessee, who currently resides at 321 South Arnold Avenue, Lantana, Florida 33462.

4. Defendant, Vamar, Inc., (hereinafter Defendant Vamar Leasor/Carrier) is an Illinois corporation assigned ID # 72949544 by the Illinois Secretary of State with a business address of 1800 West Hawthorne Lane, Suite F1, West Chicago, Illinois 60185.

5. Defendant Vamar/Leasor/Carrier's registered agent is Nodirakhon Kadirova with an address of 1800 West Hawthorne Lane, Suite F1, West Chicago, Illinois 60185.

6. Defendant Vamar/Leasor/Carrier was assigned TN DOS #TNNTE000227 for the vehicle that struck Plaintiff.

7. Defendant Driver Estainvil was employed by Defendant Vamar/Leasor/Carrier at the time of the automobile accident.

8. Defendant, AJunkbuster, LLC, (hereinafter Defendant AJunkbuster/Owner) is a Florida limited liability company with a business address at 2150 NW 123rd Avenue, Plantation, Florida 33323 in Broward County, Florida assigned Florida Document Number L13000099750.

9. Defendant AJunkbuster/Owner owned the truck that Defendant Driver Estainvil was driving at the time of the accident.

10. Defendant AJunkbuster/Owner's registered agent is Manasse St Fleur with a business address of 2150 NW 123rd Avenue, Plantation, Florida 33323 in Broward County, Florida.

## SUM IN CONTROVERSY

11. Plaintiff submits that the sum in controversy based on this cause of action is in excess of five hundred thousand dollars ($500,000), plus costs.

## FACTS

12. On June 1, 2023, Plaintiff was operating a 2013 Freight Tractor Trailer, in a safe and proper manner on I-40 near mile marker 421.20 in Jefferson County, Tennessee. when he was sideswiped by Defendant Driver Estainvil.

13. At the same time and place mentioned, Defendant Driver/Estainvil was operating the truck he was driving in an unsafe and unlawful manner.

14. At the same time and place mentioned, Defendant Driver/Estainvil negligently and recklessly sideswiped Plaintiff.

15. Defendant Driver Estainvil was cited for and plead guilty to failure to exercise due care in violation of T.C.A. §55-8-136.

16. Defendant Driver Estainvil was inattentive while operating the vehicle and drove recklessly.

17. Defendant Driver Estainvil's negligent and reckless actions caused Plaintiff's tractor trailer to veer off into the median and flip multiple times with great force and violence thereby causing the accident at issue.

18. Defendant Driver Estainvil was employed by Defendant Vamar/Leasor/Carrier at the time of the accident.

19. Defendant AJunkbuster/Owner owned the truck that Defendant Driver/Estainvil was driving.

20. Defendant Vamar/Leasor/Carrier leased the truck from Defendant AJunkbuster/Owner that Defendant Driver Estainvil was driving at the time of the accident.

21. Defendant AJunkbuster/Owner has refused to provide its insurance company and policy information.

## COUNT I: NEGLIGENCE OF DRIVER

22. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

23. The negligent and reckless actions of the Defendant Driver Estainvil were the proximate cause of the collision and resulting personal injuries to Plaintiff.

24. Plaintiff has suffered compensatory and permanent injuries as a result of the negligent and reckless actions of Defendant Driver Estainvil.

## COUNT 2: NEGLIGENCE PER SE

25. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

26. The Defendant Driver Estainvil is guilty of negligence per se, as follows:

   I. Defendant Driver Estainvil violated one or more of the following statutes:

   (a) T.C.A. §55-8-128, Failure to yield the right of way, or any other section listed in T.C.A. Title 55, Chapter 8, Part 1.

   (b) T.C.A. §55-8-136. Due care.

   (c) T.C.A. §55-10-205. Reckless driving.

   II. Plaintiff is a member of the class of persons intended to be protected by these statutes. The violation of one or more of these statutes by the Defendant Driver Estainvil was the proximate cause of the injuries to the Plaintiff in this action.

   III. As such, the Defendant Driver/Estainvil is guilty of negligence per se and the Plaintiff is entitled to recover jointly and severally for personal injuries proximately caused by the negligence of Defendant Driver Estainvil.

## COUNT 3: NEGLIGENCE OF OWNER AND LEASOR

27. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

28. Defendant Driver Estainvil was driving a vehicle owned by Defendant AJunkbuster/Owner and leased by Defendant Vamar/Leasor/Carrier and both are responsible for the injuries to Plaintiff as outlined herein.

I. Plaintiff was injured by a vehicle driven, owned and leased by the Defendants.

II. Plaintiff is a member of the class of persons intended to be protected by this statute.

III. Defendant AJunkbuster/Owner and Defendant Vamar/Leasor/Carrier negligently entrusted the truck that struck Plaintiff to Defendant Driver Estainvil.

IV. As such Plaintiff alleges that the Defendant AJunkbuster/Owner and Defendant Vamar/Leasor/Carrier are guilty of negligence and negligence per se and the Plaintiff is entitled to recover jointly and severally for his personal injuries proximately caused by the negligence of all Defendants.

## **COUNT 4: FRAUD AND FRAUDULENT CONCEALMENT**

29. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

30. Defendant Driver Estainvil was driving a vehicle owned by Defendant AJunkbuster/Owner and Defendant AJunkbuster/Owner was responsible for maintaining insurance on the truck that hit and permanently injured the Plaintiff.

31. Defendant/Vamar/Leasor/Carrier was leasing the truck that hit Plaintiff and Defendant/Vamar/Lessor/Carrier was required by commercial carrier laws and by contract to maintain insurance on the truck that hit and permanently injured the Plaintiff.

32. Defendant AJunkbuster/Owner and Defendant Vamar/Leasor/Carrier have acted fraudulently and with intent to conceal information regarding the insurance on the truck that struck the Plaintiff and the location of the Defendants so that Plaintiff could pursue his legal rights.

33. Defendant AJunkbuster/Owner's and Defendant Vamar/Leasor/Carrioer's actions have caused more harm to Plaintiff as Plaintiff is permanently and completely disabled and unable to care for himself.

34. Defendant AJunkbuster/Owner and Defendant Vamar/Leasor/Carrioer's are guilty of fraud and fraudulent concealment.

35. The Plaintiff is entitled to recover jointly and severally from all Defendants for his personal injuries proximately caused by the fraud and fraudulent concealment of the location of the Defendants and the insurance information in addition to punitive damages and his attorney fees and costs.

## PERSONAL INJURIES OF PLAINTIFF

36. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

37. Plaintiff alleges that the following personal injuries were proximately caused by the actions of the Defendants:

> Plaintiff suffered medical and physical injuries and related expenses, will suffer future medical expenses; suffered and suffers physical pain and emotional anguish and suffering; will suffer physical pain and emotional anguish or suffering in the future; has suffered a diminution in earning capacity; and has suffered permanent and debilitating injuries.

## DEMAND FOR JURY TRIAL

38. Plaintiff demands that all issues of fact of this case be tried to a properly impaneled jury to the extent permitted under the law.

**WHEREFORE,** Plaintiff, Daniel Jenkins, demands judgment against the Defendants. Mecene Estainvil, AJunkbuster, LLC amd Vamar, Inc. including exemplary damages if applicable, to which he may be entitled by law, as well as all costs of this

7

Case 3:24-cv-00032-KAC-JEM   Document 1   Filed 01/30/24   Page 7 of 9   PageID #: 7

action, interest and attorneys' fees, to the full extent of the law, whether arising under the common law and/or statutory law, including:

a.  judgment for Plaintiff and against the Defendants;

b.  damages to compensate Plaintiff for his personal and permanent injuries, economic losses, and pain and suffering sustained as a result of the Defendants actions and statutory law;

c.  exemplary, compensatory, economic, non-economic, punitive, and treble damages on all applicable Counts as permitted by the law;

d.  pre and post judgment interest at the lawful rate;

e.  a trial by jury on all causes of action;

f.  an award of attorneys' fees; and

g.  for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully submitted,

**Kelli A. Haas, #21132**
Attorney for the Plaintiff
1616 Westgate Circle
Brentwood, Tennessee 37027
(615) 567-7300
(615) 567-7301 facsimile
*kelli@khalawgroup.com*
Attorney for Plaintiff

# OATH

**STATE OF TENNESSEE**  )
**COUNTY OF** Rutherford )

I, DANIEL JENKINS, after being first duly sworn according to law, do herby make oath and affirm that I have read the foregoing Complaint and it is true and correct to the best of my knowledge, information, and belief.

WITNESS MY HAND this 30th day of January, 2024

_____
DANIEL JENKINS

Sworn to and subscribed before me this 30th day of JAN, 2024

_____
NOTARY PUBLIC

My commission expires: 8/15/26



1