UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESEE
AT KNOXVILLE

| | | |
|---|---|---|
| DANIEL JENKINS, | ) | |
| Plaintiff | ) | |
| vs. | ) | Case No. 3:24-cv-0032-KAC-JEM |
| | ) | JURY DEMAND |
| VAMAR, INC., MECENE ESTAINVIL, | ) | |
| and A JUNK BUSTER, LLC, | ) | |
| Defendants | ) | |

**ANSWER OF VAMAR, INC. AND MECENE ESTAINVIL TO PLAINTIFF'S COMPLAINT**

Defendants Vamar, Inc. and Mecene Estainvil (hereinafter the "Vamar Defendants"), by and through counsel, hereby file this Answer to the Complaint filed against them by Plaintiff, Daniel Jenkins, and state as follows:

The first two unnumbered paragraphs of the Complaint are introductory in nature and require no response from these Defendants. The Vamar Defendants admit that jurisdiction and venue are proper in this Court. If a response to any statements contained in the first two unnumbered paragraphs of the Complaint is deemed to be required, the Vamar Defendants deny said allegations except the ones referencing jurisdiction and venue.

1. The Vamar Defendants have insufficient information or knowledge with which to respond to the allegations contained in Paragraph 1 of the Complaint.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted only as to the TN DOS number. All other allegations are denied.

7. Admitted.

8. The Vamar Defendants have insufficient information or knowledge with which to respond to the allegations contained in the first sentence of Paragraph 9 of the Complaint.

9. Admitted.

10. The Vamar Defendants have insufficient information or knowledge with which to respond to the allegations contained in Paragraph 10 of the Complaint.

11. The allegations contained in Paragraph 11 of the Complaint require no response from these Defendants. If a response is deemed required, the allegations are denied. The Vamar Defendants further deny that they can be liable to the Plaintiff for any amount of money under any theory of law.

12. Denied.

13. Denied.

14. Denied.

15. It is admitted that Mecene Estainvil was cited for a violation of T.C.A § 55-8-136. All other allegations contained in Paragraph 15 of the Complaint are denied.

16. Denied.

17. Denied.

18. Admitted.

19. Admitted.

20. Admitted.

21. The Vamar Defendants have insufficient information or knowledge with which to respond to the allegations contained in Paragraph 10 of the Complaint.

22. The Vamar Defendants incorporate the preceding paragraphs as if fully written herein.

23. Denied.

24. Denied.

25. The Vamar Defendants incorporate the preceding paragraphs as if fully written herein.

26. The allegations contained in Paragraph 26 of the Complaint, including all of its subparts, are denied.

27. The Vamar Defendants incorporate the preceding paragraphs as if fully written herein.

28. The allegations contained in Paragraph 28 of the Complaint, including all of its subparts, are denied, except that the vehicle was owned by AJunkbuster and leased by Vamar, Inc.

29. The Vamar Defendants incorporate the preceding paragraphs as if fully written herein.

30. It is admitted that Defendant Mecene Estainvil was driving a vehicle owned by AJunkbuster and leased by Vamar, Inc. The allegations contained in Paragraph 30 of the Complaint as to responsibilities of AJunkbuster are not directed toward these Defendants, and therefore no response is required.

31. It is admitted that Defendant Mecene Estainvil was driving a vehicle owned by AJunkbuster and leased by Vamar, Inc., and that any laws related to such a relationship would apply. Any allegations contained in Paragraph 31 of the Complaint inconsistent herewith are denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. The Vamar Defendants incorporate the preceding paragraphs as if fully written herein.

37. Denied.

38. The Vamar Defendants demand a jury of the highest number allowed.

39. Any allegations contained in Plaintiff's Complaint heretofore not expressly admitted or denied are hereby denied.

40. The Vamar Defendants deny that they can be liable to the Plaintiff for any amount of money under any theory of law.

## AFFIRMATIVE DEFENSES

41. Defendants affirmatively aver the defense of comparative fault. Any finding of fault made against these Defendants, which fault is expressly denied, should be compared to the fault found against any other party or nonparty, including Plaintiff.

42. Plaintiff was 50% or greater at fault for his injuries, requiring that this lawsuit be dismissed pursuant to Tennessee's law of comparative fault.

43. Plaintiff's injuries asserted in his Complaint were caused by Plaintiff's own carelessness, negligence, or fault.

44. The Vamar Defendants deny that they can be liable for any amount of money under any theory of law. If there is an award of damages against the Vamar Defendants, the Vamar Defendants affirmatively aver that compensation for any non-economic damage

shall not exceed the limits set forth in Tennessee Code Annotated § 29-39-102. In addition, any exception contained in Tennessee Code Annotated § 29-39-102 cannot be applied to these Defendants.

45. The Vamar Defendants deny that they were the cause of any injury to Plaintiff. Even if the Vamar Defendants could be considered a cause of the injuries, Plaintiff's actions were an intervening, superseding cause, breaking the chain of causation.

46. Plaintiff has asserted a claim for fraud. Allegations of fraud must be pleaded with specificity. Plaintiff has not done so. Accordingly, such assertions must be dismissed.

47. Plaintiff has failed to assert a claim for which relief may be granted as to fraud, fraudulent concealment, attorneys fees, treble damages, pre-judgment interest, and exemplary damages, requiring that those claims be dismissed with prejudice.

48. The Vamar Defendants affirmatively aver that the Plaintiff cannot recover exemplary or punitive damages as set forth in Tennessee Code Annotated § 29-39-104. In the alternative, if Plaintiff is deemed entitled to punitive or exemplary damages, such damages must be limited pursuant to Tennessee Code Annotated § 29-39-104.

49. Plaintiffs fail to state a claim for punitive or exemplary damages because the conduct complained of by Plaintiff as to the Vamar Defendants does not rise to the level of egregiousness required by Tennessee law for this award.

50. Plaintiff's claim of punitive exemplary or damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States generally as well as on the following grounds:

 (a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive

damages, which are penal in nature, against a civil Defendant upon the plaintiffs' satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection clauses of the Fourteenth Amendment of the United States Constitution;

(c) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Cause of the Fourteenth Amendment of the United Sates Constitution;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United Sates Constitution;

(e) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the

Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

51. The Vamar Defendants expressly reserve the right to assert additional affirmative defenses throughout the course of discovery and trial of this cause.

**WHEREFORE**, Defendants Vamar, Inc. and Mecene Estainvil hereby respectfully request that the Court grant them the following relief:

1. That the above-styled lawsuit be dismissed in its entirely with prejudice;

2. That, in the alternative, claims for fraud, fraudulent concealment, attorneys fees, treble damages, pre-judgment interest, and exemplary damages, be dismissed with prejudice.

3. That at any trial, a jury of the maximum number allowed by law be empanelled;

4. That all costs of this matter be taxed to the Plaintiff; and

5. That the Court grant to the Vamar Defendants any further relief to which it may be entitled.

Respectfully submitted,

**SURBER, ASHER, SURBER & MOUSHON, PLLC**

  /s/ Garrett E. Asher
Joel P. Surber (21026)
Garrett E. Asher (15977)
220 Athens Way, Suite 310
Nashville, Tennessee 37228
(615) 997-1908
Fax (615) 953-1473
gasher@tennlawfirm.com
jsurber@tennlawfirm.com

*Attorneys for Defendants Vamar, Inc.*

*and Mecene Estainvil*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that the foregoing has been filed with the Clerk of Court using the CM/ECF system, which will send notification of the filing to:

Kelli A. Hass  
1616 Westgate Circle  
Brentwood, TN  37027  
*Attorney for Plaintiffs*

On this 25th day of March, 2024.

                                                /s/Garrett E. Asher  
                                                Garrett E. Asher