# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

| | |
|---|---|
| Daniel Jenkins, | ) |
|    Plaintiff, | ) |
| v. | ) Case No. 3:24-cv-0032-KAC-JEM |
| Vamar, Inc., | ) JURY DEMAND |
| And | ) |
| Mecene Estainvil, | ) |
| And | ) |
| AJunk Buster, LLC, | ) |
| And | ) |
| John Doe, | ) |
|    Defendants. | ) |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, T.C.A. §§20-1-119 and 28-3-104(a)(1), Plaintiff, Daniel Jenkins, ("Plaintiff") moves the Court for leave to file the attached First Amended Complaint ("Amended Complaint") against Defendants AJunkbuster, LLC ("AJunkbuster/Owner"), Vamar, Inc. ("Vamar/Lessor/Carrier"), Mecene Estainvil ("Driver Estainvil"), and John Doe.

Based on additional facts and information provided by Defendants' own First Amended Answer, (Doc. 17) Plaintiff seeks leave to amend the original Complaint to add one new "John Doe" Defendant and five new counts regarding Defendants' violations of statutory and common rules of the road. Through the proposed Amended Complaint, Plaintiff also seeks to correct some errors in the original complaint.

## PROCEDURAL BACKGROUND

Plaintiff filed the original Complaint on January 30, 2024, alleging that the original Defendants owned and operated a tractor trailer and the driver of that tractor trailer acted negligently when he struck Plaintiff's tractor trailer causing Plaintiff to flip the tractor trailer numerous times. The accident occurred on June 1, 2023. Plaintiff was forced to file his complaint before he otherwise may have as the Defendants' insurance carriers would not respond to requests to for insurance information and to negotiate this matter.

Two of the three Defendants, Vamar/Lessor/Carrier and Driver Estainvil, were served with the summons and complaint. Those two Defendants filed an original answer to the complaint on March 25, 2024 (Doc. 16) and an amended answer to the complaint on March 29 2024 (Doc. 17). Defendant AJunbuster/Owner has not been served with the summons and complaint. (Doc. 15). The statute of limitations has not expired and discovery has not begun in this matter.

**I.     ADDING THE JOHN DOE DEFENDANT AND CAUSES OF ACTION**

In the amended answer filed by Defendants Vamar/Lessor/Carrier and Driver Estainvil they allege the following in paragraphs 41 and 52 of the amended answer

> 41.   Defendants affirmatively aver the defense of comparative fault. Any finding of fault made against these Defendants, which fault is expressly denied, should be compared to the fault found against any other party or nonparty, including Plaintiff. The accident about which Plaintiff has filed suit was a result of another vehicle, a white SUV, swerving in front of the vehicle being driven by Defendant Mecene Estainvil, cutting him off. The other vehicle's actions caused Defendant Mecene Estainvil to have to take evasive action, resulting in the need to move his vehicle to the left. The accident that is the subject of Plaintiff's Complaint was caused and proximately caused by the driver of the white SUV. The driver of the white SUV is at fault, and such fault should be compared to that of the
> Vamar Defendants, if a jury find any.

> 52.   The Vamar Defendants affirmatively aver the defense of unavoidable or inevitable accident. The accident about which Plaintiff has filed suit was a result of another vehicle, a white SUV, swerving in front of the vehicle being driven by Defendant Mecene Estainvil, cutting him off. The other vehicle's actions caused Defendant

> Mecene Estainvil to have to take evasive action, resulting in the need to move his vehicle to the left. Defendant Mecene Estainvil did not have time to react in any other manner. Defendant Mecene Estainvil was unable to avoid the resulting accident. The accident that is the subject of Plaintiff's Complaint was not caused by any negligence or breach of duty owed by either Vamar Defendant, and instead was caused and proximately caused by the driver of the white SUV.

(Doc. 17). These affirmative defenses were not included in the original answer filed by these Defendants. Therefore, Plaintiff needs to add a "John Doe" Defendant in the event Defendants are able to prove their affirmative defenses that a phantom vehicle caused the accident in order for Plaintiff to pursue an uninsured motorist claim. *Breeding v. Edwards*, 62 S.W.3d 170 (Tenn. Ct. App. 2001).

In addition, a review of Defendants' amended answer requires adding causes of action for statutory and common law violations of the rules of the road. Plaintiff seeks to add these causes of action to support his allegations that Defendants violated numerous code of federal regulations and common law rules when Defendant Drive Estainvil operated the tractor trailer and when Defendant Vamar/Lessor/Carrier allowed Defendant Driver Estainvil to operate the tractor trailer that struck Plaintiff causing his catastrophic permanent injuries.

The facts and information detailed above warrant adding the new "John Doe" Defendant and the new causes of action in the First Amended Complaint attached hereto.

## II. LEGAL STANDARD AND ARGUMENT

Federal Rule of Civil Procedure 15 provides that "a party may amend its pleading [with] the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, the court has the discretion to grant or deny a request for leave to file an amended pleading. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S. Ct. 795, 28 L. Ed. 2d 77 (1971) ("It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court."); *see also Cureton v. Nat'l*

*Collegiate Athletic Ass'n,* 252 F.3d 267, 272 (3d Cir. 2001) ("[A] motion for leave to amend a complaint [is] addressed to the sound discretion of the district court.").

"Leave to amend must generally be granted unless equitable considerations render it otherwise unjust." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) and *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993)).

"In the absence of substantial or undue prejudice, denial [of a motion to amend] must be grounded in bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment." *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of V.I., Inc.*, 663 F.2d 419, 425 (3d Cir. 1981) (citing *Foman*, 371 U.S. at 182). Given the liberal standard under Rule 15(a), "the burden is on the party opposing the amendment to show prejudice, bad faith, undue delay, or futility." *Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d 695, 700 (E.D. Pa. 2007).

Here, allowing Plaintiff to file the Amended Complaint would serve justice and promote judicial efficiency. As detailed above, the Amended Complaint seeks to add one new "John Doe" Defendant that two of the Defendants newly alleged in their amended answer on March 29, 2024. A third Defendant has not been served as of the filing of this motion and discovery has not begun. Further, Plaintiff is still within the one-year statute of limitations to dismiss this action and refile. In the interest of judicial economy, Plaintiff seeks leave to amend his complaint for the first time instead of dismissing and refiling to add the "John Doe" Defendant and the new causes of action that Defendants violated statutory and common law rules of the road. There is no undue delay, bad faith, or dilatory motive by Plaintiff. Plaintiff seeks to file the Amended Complaint within the time allowed and it is supported by facts and information uncovered by Plaintiff and provided by Defendants.

Moreover, there will be no substantial or undue prejudice to the original Defendants. The issue of prejudice requires a court to focus on the hardship to the defendants if the amendment were permitted; specifically, the court has to consider "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton,* 252 F.3d 267, 272 (3d Cir. 2001) (affirming the district court's denial of a motion to amend, made after summary judgment was directed in favor of the non-moving party, in part because "the proposed amendment would essentially force the [non-moving party] to begin litigating the case again"); *cf. Cardone Indus., Inc. v. Honeywell Int'l, Inc*., Civil Action No.13-4484, 2014 U.S. Dist. LEXIS 94259, at *14-15 (E.D. Pa. July 11, 2014) (finding that no undue prejudice exists where the factual basis for the amendments were known to the non- moving party and discovery had not yet concluded). Here, Plaintiff seeks to amend the pleading to add one new "John Doe" Defendant alleged by Defendants amended answer. (Doc. 17) Similarly, Plaintiff seeks to add five new claims and allegations based on conduct and practices that Defendants have admitted and based on facts and information received, to a large extent, from the Defendants themselves. Given that discovery has not begun and when started will continue for months, the time is ripe for the parties to develop these facts and narrow the issues for litigation.

Finally, there will be no futility resulting from Plaintiffs' Amended Complaint. In the context of a motion to amend, "'[f]utility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Therefore, the court may refuse to allow an amendment that fails to state a cause of action because it would not survive a motion to dismiss. *See, e.g., Massarsky v. General Motors Corp.,* 706 F.2d 111, 125 (3d Cir.), *cert. denied*, 464 U.S. 937 (1983) ("The trial court may properly deny leave to amend where the amendment would not withstand a [Rule

12(b)(6)] motion to dismiss."). Here, the Amended Complaint states viable claims against all Defendants. As to Plaintiff's five new counts, these claims arise from conduct and practices that Defendants engaged in. Finally, Plaintiff is within his right to dismiss this action and file a new action as the one-year statute of limitations has not expired.

## CONCLUSION

For these reasons, Plaintiff respectfully asks that the Court grant leave to file the attached Amended Complaint. Attached is a proposed order.

Respectfully Submitted,

Dated: May 5, 2024

**Kelli A. Haas, #21132**
Attorney for the Plaintiff
1616 Westgate Circle
Brentwood, Tennessee 37027
(615) 567-7300
(615) 567-7301 facsimile
*kelli@khalawgroup.com*
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing has been filed with the Clerk of Court using the CM/ECF system, which will send notification of the filing to:

Joel P. Surber
Garrett E. Asher
220 Athens Way, Suite 310
Nashville, Tennessee 37228
Phone (615) 997-1908
Fax (615) 953-1473
gasher@tennlawfirm.com
jsurber@tennlawfirm.com
Attorneys for Defendants Vamar, Inc. and Mecene Estainvil

and by certified and regular mail to:

AJunkbuster, LLC
Registered Agent: Manasse St Fleur
 2150 NW 123rd Avenue
Plantation, Florida 33323

On this the 5th day of May, 2024.

**Kelli A. Haas, #21132**
Attorney for the Plaintiff