# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

| | |
|---|---|
| **Daniel Jenkins,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) **Case No. 3:24-cv-0032-KAC-JEM** |
| **v.** | ) |
| | ) **JURY DEMAND** |
| **Vamar, Inc.,** | ) |
| | ) |
| **And** | ) |
| | ) |
| **Mecene Estainvil,** | ) |
| | ) |
| **And** | ) |
| | ) |
| **AJunk Buster, LLC** | ) |
| | ) |
| **And** | ) |
| | ) |
| **John Doe,** | ) |
| | ) |
| **Defendants.** | ) |

## <u>FIRST AMENDED COMPLAINT</u>

Plaintiff, **DANIEL JENKINS**, (hereafter referred to as "Plaintiff"), by and through his undersigned counsel, **KELLI HAAS,** hereby submits the following First Amended Complaint and Demand for Jury Trial against Defendant **MECENE ESTAINVIL** (hereinafter referred to as "Defendant Driver Estainvil"), Defendant **AJUNKBUSTER, LLC** (hereinafter referred to as "Defendant AJunkbuster/Owner); Defendant **VAMAR, INC.** (hereinafter referred to as "Defendant Vamar/Leasor/Carrier); and Defendant **JOHN DOE**. This First Amended Complaint is being filed prior to expiration of the original one year of statute of limitations  pursuant to T.C.A. § 28-3-104(a)(1) and pursuant to Fed. R. Civ. P. 15(a)(2) and 15.03,  Tenn. Code Ann. §§20-1-119 and 56-7-1201(e), and *Brown v. Walmart* 12 S.W.3d 785 (Tenn. 2000) and *Breeding v. Edwards*, 62 S.W. 3d 170 (Tenn.

Ct. App. 2001), based upon the Affirmative Defenses of comparative fault against John Doe as contained in Paragraphs 41 and 52 of Defendant Driver Estainvil and Defendant Vamar/Leasor/Carriers' Amended Answer (Doc. 17). This First Amended Complaint alleges the following based upon Plaintiff's knowledge and belief, investigation of counsel, and allegations contained in the Amended Answer filed by Defendant Driver Estainvil and Defendant Vamar/Leasor/Carrier on March 29, 2024:

## NATURE OF THE CASE

Plaintiff was permanently injured when the tractor trailer he was driving was struck by another tractor trailer on I-40 in Jefferson County, Tennessee causing the tractor trailer that Plaintiff was driving to flip several times leaving him hanging upside down crushed and covered in glass.

## JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction as prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because all or a substantial part of the events or omissions giving rise to this claim occurred in this district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the State of Tennessee and intentionally avails itself of the markets within Tennessee through the promotion, sale, marketing, and distribution of its products.

## PARTIES AND PROCEDURAL HISTORY

1.      Plaintiff, Daniel Jenkins, is a resident of Rutherford County, Tennessee, who may be served through his attorney of record listed herein.

2.   Defendant, Mecene Estainvil, (hereinafter "Defendant Driver Estainvil") was driving a 2019 Freightliner Cascadia whose vehicle identification number was 3AKJHHDR2KSKC2246 and Florida license plate was JD81IZ at the time of the accident owned by Defendant AJunkbuster/Owner and leased by Defendant Vamar/Leasor/Carrier.

3.   Defendant Driver Estainvil is believed to be a resident of Palm Beach County, Florida, who currently resides at 321 South Arnold Avenue, Lantana, Florida 33462.

4.   Defendant, Vamar, Inc., (hereinafter Defendant Vamar Leasor/Carrier) is an Illinois corporation assigned ID # 72949544 by the Illinois Secretary of State with a business address of 1800 West Hawthorne Lane, Suite F1, West Chicago, Illinois 60185.

5.   Defendant Vamar Leasor/Carrier's registered agent is Nodirakhon Kadirova with an address of 1800 West Hawthorne Lane, Suite F1, West Chicago, Illinois 60185.

6.   Defendant Vamar/Leasor/Carrier was assigned TN DOS #TNNTE000227 for the vehicle that struck Plaintiff.

7.   Defendant Driver Estainvil was employed by Defendant Vamar/Leasor/Carrier at the time of the automobile accident.

8.   Defendant, AJunkbuster/Owner is a Florida limited liability company with a business address at 2150 NW 123rd Avenue, Plantation, Florida 33323 in Broward County, Florida assigned Florida Document Number L13000099750 whose members of AJunkbuster, LLC are believed to be residents of Broward County, Florida.

3

9.     Defendant AJunkbuster/Owner owned the truck that Defendant Driver Estainvil was driving at the time of the accident.

10.     Defendant AJunkbuster/Owner's registered agent is Manasse St Fleur with a business address of 2150 NW 123rd Avenue, Plantation, Florida 33323 in Broward County, Florida.

11.     Plaintiff filed the original complaint in this matter against Defendants on January 30, 2024. (Doc. 1).

12.     Defendant AJunkbuster/Owner was attempted to be served with the Complaint in this matter by the Tennessee Secretary of State.

13.     On March 15, 2024, the Tennessee Secretary of State filed a return of the certified mail evidencing that Defendant AJunkbuster/Owner was not served with the Complaint in this matter. (Doc. 15.3).

14.     Defendant AJunkbuster/Owner has not filed a responsive pleading to the original complaint.

15.     Defendant Vamar/Leasor/Carrier and Defendant Driver Estainvil were served with the original complaint and have filed an answer and amended answer to the original complaint. (Docs. 16 and 17).

16.     Plaintiff submits that the sum in controversy based on this cause of action is in excess of $1,00,000.00 plus costs.

## FACTS

17.     On June 1, 2023, Plaintiff was operating a 2013 Freight Tractor Trailer, owned by Patrick Transportation, in a safe and proper manner on I-40 near mile marker 421.20 in Jefferson County, Tennessee. when he was sideswiped by Defendant

Driver Estainvil.

18.   Plaintiff suffered catastrophic and permanent injuries and damages as a result of the accident.

19.   Plaintiff is not yet at maximum medical improvement and is still undergoing medical treatment and still experiencing damages, harms and losses and will into the future.

20.   At the same time and place mentioned, Defendant Driver/Estainvil was operating the truck he was driving in an unsafe and unlawful manner.

21.   At the same time and place mentioned, Defendant Driver/Estainvil negligently and recklessly sideswiped Plaintiff.

22.   Defendant Driver Estainvil was cited for and plead guilty to failure to exercise due care in violation of T.C.A. §55-8-136.

23.   Defendant Driver Estainvil was inattentive while operating the vehicle and drove recklessly.

24.   Defendant Driver Estainvil's negligent and reckless actions caused Plaintiff's tractor trailer to veer off into the median and flip multiple times with great force and violence thereby causing the accident at issue.

25.   Defendant Driver Estainvil was employed by Defendant Vamar/Leasor/Carrier at the time of the accident.

26.   Defendant AJunkbuster/Owner owned the truck that Defendant Driver/Estainvil was driving.

27.   Defendant Vamar/Leasor/Carrier leased the truck from Defendant AJunkbuster/Owner that Defendant Driver Estainvil was driving at the time of the

5

accident.

28. Defendant AJunkbuster/Owner has refused to provide its insurance company and policy information.

29. Defendant Vamar/Lessor/Carrier and Defendant Driver Estainvil were served with the complaint and summons and are represented by legal counsel.

30. On March 29, 2024, Defendant Vamar/Leasor/Carrier and Defendant/Driver Estainvil filed their Amended Answer to the Complaint (Doc. 17).

31. Defendant Vamar/Leasor/Carrier and Defendant/Driver Estainvil allege in their amended affirmative defenses that an unknown white SUV driven by an unknown driver caused the accident and that the accident was unavoidable or inevitable.

32. In attempts to pass responsibility, Defendant Vamar/Leasor/Carrier and Defendant Driver Estainvil now claim in their Amended Answer (Doc. 17) that an unknown "John Doe" was driving a white SUV and caused the accident.

33. Based solely upon Defendant Vamar/Leasor/Carrier and Defendant Driver Estainvils' Affirmative Defenses contained in their Amended Answer Plaintiff brings this action against the newly mentioned unknown, alleged and unidentified "John Doe" driver.

34. Plaintiff would state that Defendant Vamar/Leasor/Carrier and Defendant Driver Estainvil are bound by their pleadings pursuant to F.R.C.P. Rules 8.03 and 11.01 and that Defendants carry the burden of proving their affirmative defenses against John Doe.

35. Plaintiff, not for purposes of revelation to the jury, but purposes of establishing a cause of action would show that at the time the crash occurred he is to have

believed to be under a policy of automobile insurance issued by Acuity Insurance (Policy Number ZP8446), which upon information and belief provided uninsured/underinsured motorist coverage at least in the amount of $25,000 per person and $50,000 per incident. In the event that Defendant Vamar/Leasor/Carrier and Defendant Driver Estainvil are uninsured or underinsured or Defendant Vamar/Leasor/Carrier and Defendant Driver Estainvil actually carry their burden to prove their allegations that the newly mentioned, unknown, alleged and unidentified "John Doe" driver contributed or caused to contribute to the collision and is within the provisions of the aforesaid applicable statutory and common law, Plaintiff is entitled to recover under the terms of the commercial uninsured/underinsured motorist policy for the vehicle being driven by Plaintiff covered by Acuity Insurance. Acuity Insurance is being served a copy of the summons and Amended Complaint in this action and Defendants' attorney of record is being provided a copy via certificate of service.

36. If Defendant Vamar/Lessor/Carrier and Defendant Driver Estainvil carry their legal burden and support their allegations against John Doe, then Plaintiff hereby asserts the same allegations contained herein and damages against John Doe as asserted against all Defendants.

## COUNT I: NEGLIGENCE OF DRIVER

37. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

38. The negligent and reckless actions of the Defendant Driver Estainvil were the proximate cause of the collision and resulting personal injuries to Plaintiff.

39. Plaintiff has suffered compensatory and permanent injuries as a result of the

negligent and reckless actions of Defendant Driver Estainvil.

## <u>COUNT 2: NEGLIGENCE PER SE STATUTORY VIOLATIONS</u>

40.    Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

41.    The Defendant Driver Estainvil is guilty of negligence per se as follows:

I.    Defendant Driver Estainvil violated one or more of the following statutes:

a)    T.C.A. § 55-8-119; Failed to follow limitations on overtaking on the left.

b)    T.C.A. §55-8-128 and §197, Failure to yield the right of way, or any other section listed in T.C.A. Title 55, Chapter 8, Part 1.

c)    T.C.A. §55-8-136. Due care.

d)    T.C.A. §55-8-199. Use of hand-held mobile telephone or personal. digital assistant prohibited while driving.

e)    T.C.A. §55-10-205. Reckless driving.

f)    T.C.A. §55-10-105, Operated the vehicle heedlessly and carelessly and recklessly and without due caution and circumspection and in a manner such as to endanger or be in violation of T.C.A. § 55-10-205 likely to endanger others using the said highway.

g)    Defendant Driver Estainvil violated 49 CFR § 390.3 et seq., which requires that all drivers be knowledgeable and comply with the Federal Motor Carrier Safety Regulations.

h)    Defendant Driver Estainvil violated 49 CFR §§ 392.2 and 392.14 by failing to drive the tractor trailer in accordance with applicable laws, ordinances, and regulations of the State of Tennessee; by failing to observe the duties and responsibilities placed upon him by the Federal Motor Carrier Safety Regulations; and by failing to operate the tractor trailer in a

8

safe manner and at an appropriate speed given the circumstances.

i) Defendant Driver Estainvil violated 49 CFR §§ 392.80 and 392.82 by texting and/or using a handheld device while driving and in doing so failed to observe the duties and responsibilities placed upon him by the Federal Motor Carrier Safety Regulations and by failing to operate the tractor trailer in a safe manner.

j) Any other violation of statute that may be discovered through Discovery.

II. Plaintiff is a member of the class of persons intended to be protected by these statutes. The violation of one or more of these statutes by the Defendant Driver Estainvil was the proximate cause of the injuries to the Plaintiff in this action.

III. As such, the Defendant Driver/Estainvil is guilty of negligence per se and the Plaintiff is entitled to recover jointly and severally for personal injuries proximately caused by the negligence of Defendant Driver Estainvil.

## COUNT 3: COMMON LAW RULE VIOLATIONS OF DEFENDANT DRIVER ESTAINVIL

42. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

43. The collision and serious personal injuries were directly and proximately caused by one or more of Defendant Driver Estainvil's common law violations of the rules of the road including, but not limited to, the following:

a) Defendant Driver Estainvil violated the rule of the road that requires drivers to keep a proper lookout.

b) Defendant Driver Estainvil violated the rule of the road that prohibits drivers from driving too fast under the existing circumstances.

9

c) Defendant Driver Estainvil violated the rule of the road that requires drivers to keep their vehicle under control so as to avoid striking other vehicles.

d) Defendant Driver Estainvil failed to operate his tractor trailer truck in a reasonably safe manner.

e) Defendant Driver Estainvil failing to exercise due care.

f) Defendant Driver Estainvil was driving while distracted and/or using a prohibited device.

g) Defendant Driver Estainvil failing to give the proper attention required for the operation of a tractor trailer truck given the circumstances.

h) Defendant Driver Estainvil failed to yield to the vehicle occupying the intersection of interstates and exits.

i) Defendant Driver Estainvil failed to avoid the collision. and

j) Defendant Driver Estainvil failed to see what there was to be seen.

44. Further, Defendant Driver Estainvil failed to timely react to a vehicle allegedly turning in front of him, failed to timely and appropriately brake and/or slow the tractor trailer truck, failed to take appropriate precautionary measures to avoid striking Plaintiff's vehicle, including but not limited to failing to react in compliance with his specialized commercial drivers' license training and failing to drive the tractor trailer truck in a safe manner.

## **COUNT 4: NEGLIGENCE OF OWNER AND LEASOR**

45. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

46. Defendant Driver Estainvil was driving a vehicle owned by Defendant AJunkbuster/Owner and leased by Defendant Vamar/Leasor/Carrier and both are

responsible for the injuries to Plaintiff as outlined herein.

    a) Plaintiff was injured by a vehicle driven, owned and leased by the Defendants.

    b) Plaintiff is a member of the class of persons intended to be protected by this statute.

    c) Defendant AJunkbuster/Owner and Defendant Vamar/Leasor/Carrier negligently entrusted the truck that struck Plaintiff to Defendant Driver Estainvil.

    d) As such Plaintiff alleges that the Defendant AJunkbuster/Owner and Defendant Vamar/Leasor/Carrier are guilty of negligence and negligence per se and the Plaintiff is entitled to recover jointly and severally for his personal injuries proximately caused by the negligence of all Defendants.

## <u>COUNT 5: VICARIOUS LIABILITY</u>

47. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

48. At all relevant times, Defendant Driver Estainvil was an employee, agent, representative and/or servant of Defendant Vamar/Lessor/Carrioer and was engaged in the course and scope of the employment or agency (real, apparent or ostensible) so that Defendant Vamar/Lessor/Carrier is responsible for or vicariously liable for the negligent acts or omissions of Defendant Driver Estainvil.

49. At all times relevant the tractor trailer truck that Defendant Driver Estainvil was driving at the time of the collision was owned and/or controlled by and was being operated and used with the authority, consent and knowledge and/or as an agent

of Defendant AJunkbuster/Owner and Defendant Vamar/Lessor/Carrier and/or for their use and benefit. Pursuant to the principles of agency and bailment, and under the presumptions set forth at Tenn. Code Ann. §§ 55-10-311 and 55-10-312, Defendants AJunkbuster/Owner and Defendant Vamar/Lessor/Carrier are liable to Plaintiff for the negligence and rule violations of Defendant Driver Estainvil.

## COUNT 6: STRICT LIABILITY

50. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

51. Pursuant to 49 CFR § 383.5, Defendant Vamar/Lessor/Carrier is the statutory employer of Defendant Driver Estainvil and is liable for his negligent acts or omissions.

## COUNT 7: COMMON LAW RULE VIOLATIONS OF DEFENDANT VAMAR/LESSOR/CARRIER AND DEFENDANT AJUNKBUSTER OWNER

52. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

53. Upon information and belief and to the extent proved in discovery, the collision and Plaintiff's injuries were proximately and in fact caused by one or more of the following acts of negligence of:

    a) Defendant Vamar/Lessor/Carrier negligently hired Defendant Driver Estainvil.

    b) Defendant Vamar/Lessor/Carrier failed to properly train Defendant Driver Estainvil.

    c) Defendant Vamar/Lessor/Carrier failed to adequately supervise Defendant Driver Estainvil.

    d) Defendant Vamar/Lessor/Carrier encouraged and/or acquiesced in unsafe driving practices which proximately caused the accident complained of

herein.

e) Defendant Vamar/Lessor/Carrier negligently entrusted Defendant Driver Estainvil with operation of the tractor trailer.

f) Defendant Vamar/Lessor/Carrier is guilty of negligence because it negligently, carelessly and/or recklessly failed in its duty to require Defendant Driver Estainvil's observance of all duties and prohibitions placed upon him as a driver of the tractor trailer.

## COUNT 8: STATUTORY RULE VIOLATIONS OF DEFENDANT VAMAR/LESSOR/CARRIER

54. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

55. Upon information and to the extent proved in discovery concurrent with the common law negligence set forth in paragraphs above, the collision and Plaintiff's injuries were proximately caused by Defendant Vamar/Lessor/Carrier's violation of one or more of the following statutes which constitutes negligence per se:

a) Defendant Vamar/Lessor/Carrier violated 49 CFR § 380.507 which requires an employer to provide driver training as outlined in 49 CFR § 380.503.

b) Defendant Vamar/Lessor/Carrier's violated 49 CFR § 390.3 et seq. which requires that all motor carriers, their employees and drivers to be knowledgeable of, and comply with, the Federal Motor Carrier Safety Regulations.

c) Defendant Vamar/Lessor/Carrier violated 49 CFR § 390.11 which proscribes a duty on the motor carrier to require observance of all duties and prohibitions placed on their drivers.

13

d) Defendant Vamar/Lessor/Carrier violated 49 CFR § 385.5 which requires the carrier to demonstrate that it has adequate safety management controls in place to ensure compliance with the Federal Motor Carrier Safety Regulations.

e) Defendant Vamar/Lessor/Carrier violated 49 CFR §391.11 which places an affirmative duty on the carrier to determine if the driver is qualified to drive under the Federal Motor Carrier Safety Regulations.

56. The negligence of Defendant Driver Estainvil in operating the tractor trailer truck is a proximate and legal cause of this collision which seriously injured Plaintiff.

## COUNT 9: FRAUD AND FRAUDULENT CONCEALMENT

57. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

58. Defendant Driver Estainvil was driving a vehicle owned by Defendant AJunkbuster/Owner and Defendant AJunkbuster/Owner was responsible for maintaining insurance on the truck that hit and permanently injured the Plaintiff.

59. Defendant/Vamar/Leasor/Carrier was leasing the truck that hit Plaintiff and Defendant/Vamar/Lessor/Carrier was required by commercial carrier laws and by contract to maintain insurance on the truck that hit and permanently injured the Plaintiff.

60. Defendant AJunkbuster/Owner and Defendant Vamar/Leasor/Carrier have acted fraudulently and with intent to conceal information regarding the insurance on the truck that struck the Plaintiff and the location of the Defendants so that Plaintiff could pursue his legal rights.

61. Defendant AJunkbuster/Owner's and Defendant Vamar/Leasor/Carrier's actions

14

have caused more harm to Plaintiff as Plaintiff is permanently and completely disabled and unable to care for himself.

62. Defendant AJunkbuster/Owner and Defendant Vamar/Leasor/Carrier are guilty of fraud and fraudulent concealment.

63. The Plaintiff is entitled to recover jointly and severally from all Defendants for his personal injuries proximately caused by the fraud and fraudulent concealment of the location of the Defendants and the insurance information in addition to punitive damages and his attorney fees and costs.

## PERSONAL INJURIES OF PLAINTIFF

64. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

65. Plaintiff is not yet at maximum medical improvement and is still undergoing medical treatment and still experiencing damages, harms and losses and will into the future.

66. Plaintiff suffered medical and physical injuries and related expenses, will suffer future medical expenses; suffered and suffers physical pain and emotional anguish and suffering; will suffer physical pain and emotional anguish or suffering in the future; has suffered a diminution in earning capacity; and has suffered permanent and debilitating injuries.

## DEMAND FOR JURY TRIAL

67. Plaintiff demands that all issues of fact of this case be tried to a properly impaneled jury to the extent permitted under the law.

**WHEREFORE,** Plaintiff, Daniel Jenkins, demands the following against the Defendants Mecene Estainvil, AJunkbuster, LLC, Vamar, Inc., and John Doe:

1. That proper process issue requiring the Defendants to answer this First Amended Complaint in the time prescribed by law, but any answer under oath is hereby

waived;

2. Recovery for losses, in the form of as judgment for compensatory damages, awarded to Plaintiff against Defendants Mecene Estainvil, AJunkbuster, LLC, Vamar, Inc., John Doe, and/or other Defendants, in a fair amount to be determined by a reasonable jury in an amount not less than $1,000,000.00 subject to amendment due to the Plaintiff not having concluded treatment as of the date of this filing

3. Recovery for losses, in the form of as judgment for non-compensatory damages, awarded to Plaintiff against Defendants Mecene Estainvil, AJunkbuster, LLC, Vamar, Inc., John Doe, and/or other Defendants, in a fair amount to be determined by a reasonable jury in an amount not less than $750,000.00;

4. That Plaintiff's court costs and discretionary costs be taxed to Defendants for which execution may issue; and

5. For pre and post judgment interest at the lawful rate;

6. For a trial by jury on all causes of action;

7. For an award of attorneys' fees; and

8. For any and all applicable jury instructions on Tennessee statutory and common law regarding the Defendants' Affirmative Defense alleging comparative fault against "John Doe."

9. Plaintiff moves this Court for and Order granting Default Judgment pursuant Fed. Civ. Pro. Rule 55 should the Defendants fail to Answer this Amended Complaint within the timeframe required by law and for an Order Striking all allegations against John Doe, pursuant Fed. Civ. Pro. Rule 55, if Defendants fail to carry their burden of proof.

16

10. For any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully submitted,

**Kelli A. Haas, #21132**
Attorney for the Plaintiff
1616 Westgate Circle
Brentwood, Tennessee 37027
(615) 567-7300
(615) 567-7301 facsimile
*kelli@khalawgroup.com*
Attorney for Plaintiff

## OATH

STATE OF TENNESSEE ............................................ )
COUNTY OF Rutherford ...................................... )


I, DANIEL JENKINS, after being first duly sworn according to law, do herby make oath

and affirm that I have read the foregoing Amended Complaint and it is true and correct to the

best of my knowledge, information, and belief.


WITNESS MY HAND this 5 day of May , 2024

_____
DANIEL JENKINS


Sworn to and subscribed before me this 5 day of May, 2024

_____
NOTARY PUBLIC


My commission expires: 08/15/2026

PAROH ALI
STATE OF
TENNESSEE
NOTARY PUBLIC
RUTHERFORD COUNTY

18