# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESEE
# AT KNOXVILLE

| | |
|---|---|
| DANIEL JENKINS, ) | |
| ) | |
| Plaintiff ) | |
| vs. ) | Case No. 3:24-cv-0032-KAC-JEM |
| ) | JURY DEMAND |
| VAMAR, INC., MECENE ESTAINVIL, ) | |
| and A JUNK BUSTER, LLC, ) | |
| ) | |
| Defendants ) | |

## ANSWER OF VAMAR, INC. AND MECENE ESTAINVIL TO CROSS COMPLAINT OF ACUITY, A MUTUAL INSURANCE COMPANY

Defendants Vamar, Inc. and Mecene Estainvil (hereinafter the "Vamar Defendants"), by and through counsel, hereby file this Answer to the Cross-Complaint of Acuity, A Mutual Insurance Company ("Cross-Complaint"), and state as follows:

1. The Vamar Defendants have insufficient information or knowledge with which to respond to the allegations contained in Paragraph 1 of the Cross-Complaint.

2. Admitted.

3. Admitted.

4. Admitted on information and belief.

5. Admitted.

6. The Vamar Defendants have insufficient information or knowledge with which to respond to the allegations contained in Paragraph 6 of the Cross-Complaint.

7. Admitted.

8. Denied.

9. Denied.

10. The allegations contained in Paragraph 10 of the Cross-Complaint require no response from the Vamar Defendants. The Vamar Defendants, however, deny any and all allegations of negligence made by Plaintiff in his Amended Complaint as such pertain to Mecene Estainvil or Vamar, Inc..

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. The allegations contained in Paragraph 16 of the Cross-Complaint require no response from the Vamar Defendants. If a response is deemed required, the allegations are denied. The Vamar Defendants further deny that they can be liable to the Plaintiff or to Acuity, A Mutual Insurance Company, for any amount of money under any theory of law.

17. The allegations contained in Paragraph 16 of the Cross-Complaint are not directed toward the Vamar Defendants, and therefore no response is required. It is denied that the Vamar Defendants are liable in any manner for the accident that occurred.

18. It is admitted that Mecene Estainvil was an employee of Vamar, Inc. and that the laws applicable regarding employer/employees apply to that relationship. It is denied that either Vamar Defendant was negligent or is liable in any manner for the accident that occurred.

19. The Vamar Defendants have insufficient information or knowledge with which to respond to the allegations contained in Paragraph 19 of the Cross-Complaint. The Vamar Defendants deny that they were negligent in any manner, that they can be liable in any

manner for the accident that occurred, and that they can be liable to Acuity, A Mutual Insurance Company, for any amount of money under any theory of law.

20. The allegations contained in Paragraph 20 of the Cross-Complaint require no response from the Vamar Defendants. It is denied that either Vamar Defendant was negligent or is liable in any manner for the accident that occurred.

## **AFFIRMATIVE DEFENSES**

21. Defendants affirmatively aver the defense of comparative fault. Any finding of fault made against these Defendants, which fault is expressly denied, should be compared to the fault found against any other party or nonparty, including Daniel Jenkins. The accident about which Daniel Jenkins has filed suit was a result of another vehicle, a white SUV, swerving in front of the vehicle being driven by Defendant Mecene Estainvil, cutting him off. The other vehicle's actions caused Defendant Mecene Estainvil to have to take evasive action, resulting in the need to move his vehicle to the left. The accident that is the subject of the First Amended Complaint and Cross-Complaint was caused and proximately caused by the driver of the white SUV. The driver of the white SUV is at fault, and such fault should be compared to that of the Vamar Defendants, if a jury should find any.

22. The Vamar Defendants expressly reserve the right to assert additional affirmative defenses throughout the course of discovery and trial of this cause.

23. The Vamar Defendants affirmatively aver the defense of unavoidable or inevitable accident. The accident about which Daniel Jenkins and Acuity have filed suit was a result of another vehicle, a white SUV, swerving in front of the vehicle being driven by Defendant Mecene Estainvil, cutting him off. The other vehicle's actions caused Defendant Mecene Estainvil to have to take evasive action, resulting in the need to move his vehicle to the left.

Defendant Mecene Estainvil did not have time to react in any other manner. Defendant Mecene Estainvil was unable to avoid the resulting accident. The accident that is the subject of the First Amended Complaint and Cross-Complaint was not caused by any negligence or breach of duty owed by either Vamar Defendant, and instead was caused and proximately caused by the driver of the white SUV.

**WHEREFORE**, Defendants Vamar, Inc. and Mecene Estainvil hereby respectfully request that the Court grant them the following relief:

1. That the Cross-Complaint be dismissed in its entirely with prejudice;
2. That at any trial, a jury of the maximum number allowed by law be empanelled;
3. That all costs related to the Cross-Complaint be taxed to Acuity; and
4. That the Court grant to the Vamar Defendants any further relief to which it may be entitled.

Respectfully submitted,

**SURBER, ASHER, SURBER & MOUSHON, PLLC**

  /s/ Garrett E. Asher
Joel P. Surber (21026)
Garrett E. Asher (15977)
220 Athens Way, Suite 310
Nashville, Tennessee 37228
(615) 997-1908
Fax (615) 953-1473
gasher@tennlawfirm.com
jsurber@tennlawfirm.com
*Attorneys for Defendants Vamar, Inc. and Mecene Estainvil*

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that the foregoing has been filed with the Clerk of Court using the CM/ECF system, which will send notification of the filing to:

 Kelli A. Hass
 1616 Westgate Circle
 Brentwood, TN  37027

 W. Frank Wilbert, Esq.
 **BUTLER SNOW, LLP**
 150 Third Avenue South
 Suite 1600
 Nashville, TN  37201

And served via First Class U.S. Mail, postage prepaid, on the following:

 AJUNKBUSTER, LLC
 c/o Manasse St. Fleur
 2150 NW 123rd Ave.
 Plantation, FL  33323

On this 29th day of July, 2024.

            /s/Garrett E. Asher
            Garrett E. Asher