UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DANIEL JENKINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:24-CV-32-KAC-JEM ) |
| MECENE ESTAINVIL, et al., | ) ) |
| Defendants. | ) ) ) |

# ORDER GRANTING JOINT MOTION AND ISSUING AMENDED SCHEDULING ORDER

This case is before the Court on the Parties' Joint Motion to amend the schedule [Doc. 40], in which they seek to extend all unexpired deadlines "one hundred twenty (120) days" and continue trial of this matter "to a date after March 18, 2026" [*See* Doc. 40 at 4]. In support, the Parties assert that Plaintiff is "still actively seeking" medical "treatment for his alleged injuries" related to this case [Doc. 40 at 1-2]. The Parties cannot obtain relevant "medical records" necessary to assess Plaintiff's alleged "damages" until Plaintiff receives further medical treatment [*Id.* at 2, 3]. And Plaintiff "is not expected to complete" treatment until deadlines in the current Scheduling Order [Doc. 31] "have run" [Doc. 40 at 2, 3]. Under Federal Rules of Civil Procedure 6(b) and 16(b), this is sufficient to establish "good cause" to modify the current schedule and continue the trial of this matter. Accordingly, the Court grants the Parties' Joint Motion [Doc. 40] and issues the below amended schedule. This Amended Scheduling Order supersedes the prior Scheduling Order [Doc. 31].

1. **Introduction:** The key remaining amended scheduling deadlines are listed below with further discussion set forth herein. ***The schedule will not change except for specific good cause shown in strict compliance with Rule 6(b).***

| Key Amended Scheduling Dates | |
|---|---|
| Trial Begins | 3/24/2026 |
| Estimated Length of Trial | **4 days** |
| Final Pretrial Conference | 3/10/2026 |
| Dispositive Motions Deadline and *Daubert* Motion Deadline | 12/29/2025 |
| Discovery Deadline | 10/10/2025 |
| Expert Disclosure Deadline | **Plaintiff(s): 7/14/2025**<br>**Defendant(s): 7/14/2025**<br>**Rebuttal: 8/12/2025** |

2. **Jurisdiction:** In this case, Plaintiff invokes the subject matter jurisdiction of the Court pursuant to 28 U.S.C. § 1332.

3. **Settlement/Alternative Dispute Resolution:** The Parties are advised of the availability of the Federal Mediation Program (*see* Local Rule 16.4) and shall consider utilization of the program.

    a. **Utilization of Federal Mediation Program:** If the Parties elect to utilize the Federal Mediation Program, please notify the Mediation Coordinator; Howard H. Baker, Jr.

4. **Disclosure and Discovery; Including Experts:**

    a. **Electronic Discovery:** The Parties shall follow their plan regarding the manner and method of exchanging electronic discovery and may seek the Court's assistance in the event an agreement cannot be reached.

    b. **Protective Orders:** In the event a need for a protective order arises, the Parties shall endeavor to reach an agreement as to a protective order. In the absence of agreement, either Party may file a motion for a protective order.

    c. **Expert Testimony:** Disclosure of any expert testimony in accordance with Rule 26(a)(2)(B) and (C) shall be made by the plaintiff(s) on or before **7/14/2025**, and by defendant(s) on or before **7/14/2025**. Parties shall disclose rebuttal expert testimony no later than **8/12/2025**. Parties shall supplement these disclosures when required under Rule 26(e).

    d. **All Discovery:** All discovery, including expert depositions, shall be completed by **10/10/2025**. All written discovery requests should be served sufficiently in advance of the discovery deadline so that responses will be due prior to the deadline.

2

e. **Motion to Compel:** Prior to filing a motion to compel, relevant Parties shall meet and confer in an attempt to resolve the dispute. If the relevant Parties are unable to resolve the dispute informally, the relevant Parties shall contact chambers of the assigned Magistrate Judge to notify the Court of a dispute and schedule a time for a telephone conference to attempt to resolve the dispute. If, and only if, the relevant Parties' dispute is unresolved following the conference with the Magistrate Judge, the Parties may file an appropriate written motion with the Court. Any written motion shall include a certification of compliance with this subsection and, if applicable, the written certification required by Rule 37(a)(1).

5. **Other Scheduling Matters and Motion Practice**

   a. **Amendment of Pleadings/Joinder:** Any motion to amend the pleadings or add Parties shall be filed on or before **7/14/2025**.

   b. **Dispositive Motions:** All dispositive motions under Federal Rule of Civil Procedure 12 or 56 shall be filed on or before **12/29/2025**. Any untimely motion may be summarily denied. Per Local Rule 7.1(a), a responding Party shall have **twenty-one (21)** days after the date a dispositive motion is filed to respond, after which time the Court may proceed to rule upon the motion on the basis of the record as it then appears.

   c. **Expert Witness and *Daubert* Motions:** Objections to a proposed expert witness's qualifications or that witness's competency to offer an expert opinion, or any objection to a proposed expert's testimony under Federal Rules of Evidence 701 through 706 and *Daubert*, shall be filed by **12/29/2025**. Responses shall be filed on or before **1/16/2026**. Pursuant to Local Rule 7.1(c), unless otherwise stated by the Court, reply briefs are not necessary and are not required by the Court.

   **Any applicable objection must be filed by this date or an extension thereof. Otherwise, the objection is deemed waived. If a Party desires to take the deposition of a proposed expert prior to filing an objection under this subsection, it must do so and file the objection by this deadline.**

   d. **Motions in Limine:** Parties must file any motions in limine (with supporting authority) relating to exhibits, depositions (including video depositions), and witnesses (other than experts) by **1/16/2026**. Responses must be filed on or before **2/6/2026**. The Court may hear motions in limine at the final pretrial conference.

   If the Court grants a motion in limine excluding a portion of a proposed exhibit, counsel must edit the proposed exhibit to conform to the Court's order. Otherwise, the Court will not admit the proposed exhibit.

   **The Court will not entertain a motion to exclude proposed expert testimony styled as a motion in limine. The deadline to file any motions to exclude proposed expert testimony in full or in part pursuant to Federal Rules of Evidence 701 through 706 has passed.**

e. **Other Nondispositive Motions:** Parties must file all nondispositive motions other than motions in limine on or before **1/16/2026**. Consistent with Local Rule 7.1(a), responses must be filed on or before **1/30/2026**.

f. **Final Exhibit and Witness Lists and Deposition Designations/Pretrial Disclosures:** On or before **thirty (30) days** before the final pretrial conference, the Parties shall make the following pretrial disclosures:

Provide to all Parties a final witness list in accordance with Rule 26(a)(3). Parties may supplement the list sua sponte within **five (5) days** after service. After that time, Parties may only supplement the list with leave of Court and for good cause shown.

Exchange exhibit lists and designations of depositions, or portions thereof, to be placed in evidence and produce the proposed exhibits for inspection by the opposing Parties. Parties may file objections after the exhibit list exchange for the *limited* purpose of raising objections to authenticity and/or admissibility. Parties must file any objections at least **twenty-one (21) days** before the final pretrial conference. Unless a Party makes a written objection to the authenticity and/or admissibility of an exhibit, the Court will deem an objection to the authenticity and/or admissibility waived unless the relevant Party demonstrates good cause.

Parties must file any objections to deposition designations at least **twenty-one (21) days** before the final pretrial conference. If a Party does not make a timely written objection, the Court will deem a later objection waived unless the relevant Party demonstrates good cause.

Furnish opposing Parties a list of damages, if damages are claimed.

**Failure to fully comply with this section will likely result in the Court excluding these items from use at trial in the relevant Party's case-in-chief.**

g. **Depositions for Evidence**: The Parties must complete depositions for evidence (proof) at least **thirty (30) days** before the final pretrial conference.

4. **Final Pretrial Conference and Pretrial Orders**

   a. **Final Pretrial Conference:** The Court will hold a final pretrial conference on **3/10/2026 at 1:00 p.m.** at the Howard H. Baker, Jr. United States Courthouse, Courtroom 3C.

   b. **Final Pretrial Order:** The Parties shall file a proposed final pretrial order at least **seven (7) days** before the final pretrial conference. The order shall contain the following recitals:

   (1) Jurisdiction.

4

(2) **Admissions and Stipulations.** The Parties shall set out in numbered paragraphs each fact that is not in dispute. The Court, in an effort to reduce the need for evidence and length of trial, expects the Parties to approach this task in a good faith effort to agree on all relevant facts for which there is no reasonable basis for disagreement. In a jury trial, the Court will read this section to the jury and instruct the jury to accept these stipulated facts as true.

(3) General Nature of the Claims of the Parties:

a) Summary of each plaintiff's theory. For each defendant, each plaintiff shall concisely state each legal theory relied upon and the factual allegations the plaintiff expects to prove in support of each. Vague, conclusory, and general claims and allegations are unacceptable. A plaintiff is expected to know the claims and must be able to state precisely and succinctly the issues to be tried. Each claim must be set out in a separately numbered and labeled paragraph.

b) Summary of each defendant's theory. For each claim against a defendant, each defendant shall concisely state each legal theory relied upon and the factual allegations the defendant expects to prove in support of each. Vague, conclusory, and general claims and allegations are unacceptable. A defendant is expected to know the defenses and must be able to state precisely and succinctly the issues to be tried. Each defense must be set out in a separately numbered and labeled paragraph.

(4) Contested Issues of Law.

(5) Novel or Unusual Questions of Law or Evidence.

(6) **Damages.** If the Parties cannot stipulate to damages, each Party must show the method by which damages should be calculated if awarded.

(7) Other Trial Information and Other Matters.

a) That the pleadings are amended to conform to the pretrial order.

b) The estimated length of trial (in eight (8) hour days).

c) The possibility of settlement.

d) Any miscellaneous matters that may contribute to the just, speedy, and inexpensive disposition of the case.

**Forty-five (45) days** before the final pretrial conference, each Plaintiff's counsel shall serve opposing counsel with a proposed pretrial order containing the above items, except for the theory of Defendant. Within **five (5) business days** after receipt thereof,

5

opposing counsel shall furnish each Plaintiff's counsel with each Defendant's theory and advise of any disagreement as to the proposed pretrial order content. The Parties shall make good faith efforts to reconcile all differences without the Court's intercession. If the Parties cannot agree on a pretrial order, each Plaintiff's counsel shall notify the undersigned's Chambers at least **twenty-one (21) days** before the final pretrial conference that the Parties have been unsuccessful, after a good faith effort, to agree upon a pretrial order. Thereafter, the undersigned may enter a pretrial order prior to or after the pretrial conference. Proposed amendments to a pretrial order entered ex parte by the Magistrate Judge may be sought by motion filed **ten (10) days** following entry of the order.

**The Court may deem a failure to (1) file an agreed pretrial order or (2) notify the undersigned's Chambers that the Parties cannot agree to a pretrial order a failure to prosecute the action or comply with a Court order. And the Court may dismiss the action.** *See* **Fed. R. Civ. P. 41(b).**

c. **Filings Required after Final Pretrial Conference:** At least **seven (7) days** before trial, counsel will:

(1) File a final witness list identifying only the witnesses who will be used at trial. This list may not identify any witness not appearing on the witness list referenced above;

(2) File a list of damages. The Court prefers a stipulated list of damages. However, if the Parties cannot reach an agreement, each Party must file a list showing the amount of damages and method of determining damages;

(3) File deposition designations, which will be read at trial;

(4) File as an exhibit the resumes of any expert witness;

(5) **Jointly** submit pre-marked exhibits. Plaintiff shall number its exhibits numerically; *e.g.*, Ex. 1, 2, 3, etc. Defendant shall list its exhibits alphabetically, *e.g.*, Ex. A, B, C, etc. In a case with more than one plaintiff or defendant, identify the appropriate Party on each exhibit. For example, in a case with three corporate defendants: Corporation 1 Ex. A, Corporation 2 Ex. A, Corporation 3 Ex. A;

(6) File briefs of all contested issues of law; and

(7) For non-jury issues, file proposed findings of fact and conclusions of law with supporting citations.

d. **Jury Instructions & Verdict Form:** At least **ten (10) days** before a jury trial, the Parties shall file (1) requests for jury instructions, citing with each request at least one supporting authority, and (2) a proposed verdict form. The Parties shall also submit the

5. **Trial:** The trial will be in Knoxville, Tennessee at the Howard H. Baker, Jr. United States Courthouse, Courtroom 3C, before the undersigned beginning on **3/24/2026 at 9:00 a.m.**[1] The expected length of trial is **four (4) days**.

   Should the scheduled trial date change for any reason, the other dates contained in this order that are not expressly tied to the trial date shall remain as scheduled.

6. **Courtroom Technology Equipment:** The evidence presentation system facilitates and expedites hearings and trials. The Court encourages counsel to become familiar with this technology and make full use of it. Counsel who intend to use the equipment should notify the courtroom deputy, Mr. Jason Huffaker, at least **two (2) days** prior to a hearing or trial so the equipment is ready for use. The courtroom deputy will be available following the final pretrial conference to assist counsel with the use of the equipment. Counsel may also contact the courtroom deputy to schedule an alternate time to familiarize themselves with the equipment.

   The U.S. District Court for the Eastern District of Tennessee uses the Jury Evidence Recording system (JERS) to capture evidence electronically during a trial. The Court will release admitted evidence to the jury during deliberations, unless the Court specifically directs otherwise, and the jury may play the evidence back in the deliberation room. To best facilitate the presentation of evidence at trial and use of the JERS, the Court STRONGLY ENCOURAGES the Parties to provide their exhibits to the courtroom deputy no later than **seven (7) days** before trial. The exhibits provided must be the exhibits the Parties previously marked and numbered. The exhibits SHALL BE SUMBITTED IN ELECTRONIC FORMAT. The Court prefers that the Parties provide all electronic evidence files on USB drives, DVDs, or CDs.

   Information on JERS, specific requirements, and equipment supplied by the Court is available on the Eastern District of Tennessee website (www.tned.uscourts.gov). Specific questions about Court-supplied equipment should be directed to the courtroom deputy.

9. **Conclusion:** Any failure to comply with the provisions of this order may result in the exclusion of witnesses, exhibits, depositions, or damages, as relevant.

   SO ORDERED:

   _____
   KATHERINE A. CRYTZER
   United States District Judge

---

[1] The demands of the Court's docket dictate that all civil cases be scheduled for trial in Knoxville, Tennessee, where the undersigned sits, regardless of the division in which the case was originally filed. However, the Court will entertain a motion to conduct the trial in another division of this Court upon a showing of good cause by the parties. Any such motion must be filed after the dispositive motions deadline but no later than **thirty (30) days** before the final pretrial conference. The grant or denial of any such motion rest in the Court's sole discretion.